# UNITED STATES DISTRICT COURT

for the
Southern District of Illinois

"John Doe", and others
similarly situated

_____

*Plaintiff(s)/Petitioner(s)*

v.

John Baldwin, Debbie Kramer
Sgt. Risdon, co purdom, co Edwards
co Malleuy, co Holle, ~~_____~~ , co
Weaver TRT, Hunzicken, Lt. Long
Nurse Fox, *Defendant(s)/Respondent(s)* Sheryle Hambon
Emily Ruskins, IA Gardiner, Miss R.
Lt Samuels, IA phelps, mr. Pappas
J. Simpsons
m. melvin

Case Number: __18-2125-SMY__

*(Clerk's Office will provide)*

"Class action Requested"

☒ CIVIL RIGHTS COMPLAINT
pursuant to 42 U.S.C. §1983 (State Prisoner)

☐ CIVIL RIGHTS COMPLAINT
pursuant to 28 U.S.C. §1331 (Federal Prisoner)

☒ CIVIL COMPLAINT
pursuant to the Federal Tort Claims Act, 28 U.S.C.
§§1346, 2671-2680, or other law

SCANNED at PCC and E-Mailed
11/28/18 (date) by HZ (initials)
37 (# of pages)

## I.   JURISDICTION

Plaintiff:  John Doe

A.   Plaintiff's mailing address, register number, and present place of confinement.

William Buck R21689
Pontiac CC.
P.O. Box 99
Pontiac, Ill 61764

**Defendant #1:**

B.   Defendant __John Baldwin__ is employed as
      (a)   (Name of First Defendant)

__Director Ill. Dept. of Corr.__
      (b)   (Position/Title)

with __Ill. Dept of Corr.__
      (c)   (Employer's Name and Address)
P.O. Box 19277
Springfield, Ill 62794-9277

At the time the claim(s) alleged this complaint arose, was Defendant #1 employed by the state, local, or federal government?  ☒ Yes  ☐ No

If your answer is YES, briefly explain:  Director of IDOC

**Defendant #2:**

C.    Defendant _Debbie Knauer_ is employed as

(Name of Second Defendant)

_Admin. Rev. Board Member_
(Position/Title)

with _ILL. Dept of Corr._
P.O. Box 19277 (Employer's Name and Address)
_Springfield, ILL 62794-9277_

At the time the claim(s) alleged in this complaint arose, was Defendant #2 employed by the state, local, or federal government?  ☒ Yes  ☐ No

If you answer is YES, briefly explain: _Admin. Rev. Board_

**Additional Defendant(s) (if any):**

D.    Using the outline set forth above, identify any additional Defendant(s).

_Sgt. Risdon_

_Sergeant_
_ILL. Dept. of Corr._
_P.O. Box ▮▮▮▮▮ 1000_
_Yes Menard, ILL 62259_
_Sergeant_

E. C.O Purdom
corrections officer
Ill. Dept. of Corr.
P.O. Box ~~1000~~ 1000
~~~~
Menard, Ill 62259
Yes
officer

F. C.O Edwards
corrections officer
Ill. Dept. of Corr,
P.O. Box 1000
Menard, Ill 62259
Yes
officer

G. C.O. Mallory
corrections officer
Ill. Dept. of Corr,
P.O. Box 1000
Menard, Ill 62259
Yes
officer

H. C.O. Halle
corrections officer
Ill. Dept. of Corr,
P.O. Box 1000
Menard, Ill 62259
Yes
officer

I. C.O. Weaver
corrections officer
Ill. Dept. of Corr,
P.O. Box 1000
Menard, Ill 62259
Yes
officer

J. T.R.T. Hunzicker
Tatical Response Transportation ?
Ill. Dept. of Corr.
~~~~            P.O. Box 19277
~~~~           Springfield, Ill 62794-9277
Yes
officer   Tatical Transportation

③

K. Lt. Long
   Lieutenant
   Ill. Dept. of Corr.
   P.O. Box 99
   Pontiac, Ill 61764
   Yes
   Lieutenant

L. Nurse ~~Sabrina~~ Sabrina Fox
   nurse
   Ill. Dept. of Corr, Wexford LLC.
   P.O. Box 99
   Potiac, Ill 61764
   Yes
   nurse

M. Cheryl Hanson
   Nurse practitioner
   Ill. Dept. of Corr, Wexford LLC.
   P.O. Box 99
   Pontiac, Ill. 61764
   Yes
   nurse practitioner

N. Emily Ruskins
   Asst. Warden
   Ill. Dept. of Corr.
   P.O. Box 99
   Pontiac, Ill 61764
   Yes
   Asst. warden

O. Lt Samuels
   Lieutenant
   Ill. Dept. of Corr.
   P.O Box 1000
   Menard, Ill 62259
   Yes
   Lieutenant

P. I.A. Gardiner
   Internal Affairs
   Ill. Dept. of Corr.
   P.O. Box 1000
   Menard, Ill 62259
   Yes
   Internal Affairs

Q. I.A. Phelps
   Internal Affairs
   Ill. Dept. of Corr.
   P.O. Box 1000
   Menard, Ill 42259
   Yes
   Internal Affairs

R. Miss "R" (Last initial) White lady short w/Black hair
   mental Health proffessional
   Ill. Dept of corr, WEXford LLC.
   P.O. Box 1000
   Menard, Ill 42259
   Yes
   Mental Health

S. Ms. Pappas
   mental Health Professional
   Ill. Dept. of corr, WEXford LLC.
   P.O. Box 1000
   Menard, Ill 42259
   Yes
   Mental Health

T. Sharon Simpson
   Grievance Officer
   Ill. Dept. of Corr.
   P.O. Box 99
   Pontiac, Ill 61764
   Yes
   Grievance Officer

U. Michael Melvin
   Warden
   Ill. Dept. of corr.
   P.O. Box 99
   Pontiac, Ill 61764
   Yes
   Warden

## II.  PREVIOUS LAWSUITS

A.  Have you begun any other lawsuits in state or federal court while you were in prison or jail (during either your current or a previous time in prison or jail), e.g., civil actions brought under 42 U.S.C. § 1983 (state prisoner), 28 U.S.C. § 1331 (federal prisoner), 28 U.S.C. §§ 1346, 2671-2680, or other law? ▉Yes ☐No

B.  If your answer to "A" is YES, describe each lawsuit in the space below. If there is more than one lawsuit, you must describe the additional lawsuits on another sheet of paper using the same outline. You must list ALL lawsuits in any jurisdiction, including those that resulted in the assessment of a "strike" under 28 U.S.C. § 1915(g) and/or those that were dismissed for being frivolous, malicious, or for failure to state a claim (see 28 U.S.C. § 1915A; 28 U.S.C. § 1915(e)(2); Federal Rule of Civil Procedure 12(b)(6)). FAILURE TO FULLY DISCLOSE YOUR LITIGATION HISTORY, INCLUDING "STRIKES," MAY RESULT IN SANCTIONS THAT INCLUDE DISMISSAL OF THIS ACTION.

1.  Parties to previous lawsuits:
    Plaintiff(s): William Buck

    vs

    Defendant(s): Sgt. Young et al.

2.  Court (if federal court, name of the district; if state court, name of the county): U.S. Dist Ct. Southern Dist. Ill

3.  Docket number: 17 cv 270

4.  Name of Judge to whom case was assigned: Judge Herndon

5.  Type of case (for example: Was it a habeas corpus or civil rights action?): civil Rights

6.  Disposition of case (for example: Was the case dismissed? Was it appealed? Is it still pending?): pending

7.  Approximate date of filing lawsuit: 2017

6

II. Lawsuit

1. Buck vs Obaisi et. Al.
2. U.S. Dist. Ct Northern Dist. Ill
3. 15-c-09158
4. Judge Durkin
5. Civil Rights
6. pending
7. 2015
8. N/A
9. N/A

1. Buck vs. Knauer et. Al.
2. U.S. Dist. Ct Northern Dist. Ill
3. 18-c-4195
4. Judge Durkin
5. Civil Rights
6. Pending
7. 2018
8. N/A
9. N/A

1. Buck vs Hartman
2. U.S. Dist. Ct. Southern Dist. Ill
3. Unknown
4. Judge Yandle
5. Civil Rights
6. went to trial
7. 2012
8. 2018
9. no

1. Buck vs. Lake County Sheriff et. Al.
2. U.S. Dist. Ct. Northern Dist. Ill
3. Unknown
4. Judge Gottschall
5. Civil Rights
6. lost on summary judgement unable to pay appellate filing fee
7. 2003
8. no

8.      Approximate date of disposition:   N / A

9.      Was the case dismissed as being frivolous, malicious, or for failure to state a claim upon which relief may be granted and/or did the court tell you that you received a "strike?"   N / A

## III.   GRIEVANCE PROCEDURE

A.      Is there a prisoner grievance procedure in the institution?  ☒ Yes   ☐ No

B.      Did you present the facts relating to your complaint in the prisoner grievance procedure?
                                                            ☒ Yes   ☐ No

C.      If your answer is YES,
        1.      What steps did you take?  Filed inmate grievance
                Filed a P.R.E.A,
                see ex # 1-A, # 1-B and ex # 2-A, # 2-B, # 2-C

        2.      What was the result?  Denied no action ~~P.R.E.A.~~

D.      If your answer is NO, explain why not.

E.      If there is no prisoner grievance procedure in the institution, did you complain to prison authorities?
                                                            ☐ Yes   ☐ No

F.      If your answer is YES,
        1.      What steps did you take?

        2.      What was the result?

G.   If your answer is NO, explain why not.

H.   Attach copies of your request for an administrative remedy and any response you received.  If you cannot do so, explain why not:

see  Ex # 1-A, # 1-B  and Ex # 2-A, # 2-B, # 2-C

IV.     STATEMENT OF CLAIM

A.     State here, as briefly as possible, when, where, how, and by whom you feel your constitutional rights were violated.  Do not include legal arguments or citations.  If you wish to present legal arguments or citations, file a separate memorandum of law.  If you intend to allege a number of related claims, number and set forth each claim in a separate paragraph.   If your claims relate to prison disciplinary proceedings, attach copies of the disciplinary charges and any disciplinary hearing summary as exhibits. You should also attach any relevant, supporting documentation.

Claim I.

Plaintiff's constitutional Rights under the 14th, 8th Amendment to the U.S. constitution And his statutory rights Under the Federal Prison Rape Elimination Act, where violated when he was beatened and sexually assualted and injuried without justification by correctional officers, and not given adequate medical treatment and put in ~~unsanitary~~ unconstitutional living conditions

1) On 4-16-17 Around 10:00 AM to 11:00 AM plaintiff was standing outside the cage in the westhouse in Menard C.C.

2) An commotion begin to occur and plaintiff saw the towerman with a gun scream get down

3) Plaintiff who is serious mentally ill told the towerman to shoot him,

4) Plaintiff had not been getting his pysch meds which makes him suicidal.

5) The towerman fired and at the sametime several correctional officers begin to throw plaintiff to the ground kicking and punching plaintiff in his face, head, and body.

6) Once plaintiff was handcuffed behind his back on the ground Sst. Rigdon put a can of pepperspray on plaintiff's right eye and sprayed.

7) C.O.'s Purdom, Edwards, Mallory, and Weaver continued to kick, knee, and punch plaintiff in the face, head, and body

8) Then C.O's Holle, Mallory, and Weaver carried plaintiff out of the West House building each continuing to hit plaintiff

9) As plaintiff was being carried out the building C.O. Purdom yelled "make sure you get in his ass" speaking about plaintiff

10) Plaintiff heard C.O Holle reply ~~~ "we got him" and as they were carrying plaintiff they pulled down plaintiff's pants, underwear, as each one had one arm and leg.

11) They threw plaintiff dropping him on his face, kicking him and attempting to pull out his ~~~ right eye.

12) Plaintiff heard one of them spit and plaintiff felt it on his buttocks and then felt something enter his anus. ~~~ "How does that feel" someone said while that was being done.

13) They then pulled plaintiffs pants up and continued carrying plaintiff until they ~~ arrived at the H.C.U. (health care unit) in Menard C.C.

14) At the H.C.U. plaintiff was denied any and all medical treatment and Miss "R" and Ms. Poppas refused him mental health.

15) Plaintiff heard one of the medical staff say plaintiff wasn't dead get him out of the H.C.U.

16) C.O.'s Mallory and Holle then took plaintiff to North 2 (N2) where he was put into a showerroom on 2 gallery

17) In N2 there was cameras on 2, 4 galleries and infront of the showers.

18) While plaintiff was in the shower he yelled out he needed help he was hurt and officers had sexually assaulted him. (see Ex#1, Ex#2)

19) There were several officer in front of the shower threatening plaintiff (Lt Hale, Sgt Lindenburg Sgt A Jones (white male)). Plaintiff was not allowed to shower to rinse the pepper spray off him.

20) Lt A Phelps had a handheld video camera pointing it at plaintiff while he was in the shower,

(11)

21) Sgt. Jones took plaintiff out of the shower room naked after plaintiff took off the clothes he was pepperspayed in and walked him up the stairs onto 4 Gallery. All the galleries had cameras and several people. He was given a jumpsuit in a bullpen.

23) Plaintiff was taken to a room where I.A. officers phelps and Gardiner where at. Plaintiff had broken bones and was partially blinded and asked both for medical treatment.

23) I.A. phelps and Gardiner both refused to give plaintiff any medical help telling plaintiff "they'll see him in court."

24) Plaintiff was placed in N2 243 without nothing in the cell no mattress nothing.

25) Sgt Jones Refused to Feed plaintiff lunch.

26) plaintiff stayed in the cell burning from the pepperspray on his body skin broken bones partial blinded and in pain for hours.

27) Plaintiff was yelling on the galleay through the door that he had been beaten and sexually assaulted by officers and they wouldn't give him medical treatment, and that he needed medical help. (see ex # 1, ex # 2)

28) Plaintiff was later taken out of his cell to where T.R.T. officer Hunzicker was ~~at.~~

29) plaintiff told T.R.T. Hunzicker that he had swollen bones in his hands, jaw and ribs and Hunzicker told plaintiff to "shut up before he break more," then he put the handcuffs and leg restraints on super tight causing more pain threatening to pepperspray plaintiff again.

30) Plaintiff was then put into a small dog cage in the back of a van with another inmate murphy and transported to pontiac C.C. at 1:00ᴬᴹ by T.R.T Hunzicker

31) Once they arrived at pontiac C.C. plaintiff was taken to the H.C.U. where TRT Hunzicker told the H.C.U. medical peasonel not to give plaintiff any treatment and plaintiff did not get any medical treatment

32) Plaintiff was then taken to northhouse in put in cell 109 without any running water in the cell (it was cut off) no mattress nothing but concrete all plaintiff had was a jumpsuit for clothing

33) Plaintiff again attempted suicide by hanging himself with his jumpsuit.

(12)

34) While plaintiff was hanging Lt. Long opened the chuckhole in the door and peppersprayed plaintiff.

35) Plaintiff was then taken out of the cell in placed in a bullpen burning from more pepperspray and other serious injuries the rest of the 3rd shift 11pm 7am chained behind his back to a bench with shackles

36) On 1st shift 7am 3pm plaintiff was put on suicide watch and taken to south house ~~xxxxx~~ 6-17-17

37) There he was put into another holding tank where he told MHP Todd Nelson that he had been beatened and sexually assaulted by officers in Menard and that he needed medical treatment (see Ex#3, Ex#4)

38) Plaintiff was then put in a cell SM#127 without any water (it had been cut off) no mattress nothing but soncrete. All plaintiff had was a suicide smock and suicide slanket (see Ex#3, Ex#4)

39) Later on 2nd shift 3pm 11pm I.A. Michelin came to plaintiffs door and told plaintiff they set you good then walked off. ~~xxxxxxxxx~~

40) Nurse sosking fey came to plaintiffs door with (3) officers asking plaintiff "if he was sure he wanted to file a P.R.E.A. "and "did they set deep" and "did it feel good". Plaintiff asked her medical help she refused him any then walked away.

41) While plaintiff was in that cell officers would not feed plaintiff and constantly threatening plaintiff (see Ex#3, Ex#4)

42) On 6/19/17 Asst. Warden Emily Ruskins came on the galleay to plaintiffs door where plaintiff was physically hurt bad and needed medical treatment as well as his medications. He was telling Ruskins.

43) Ruskins told plaintiff she alaready knew what was happening to plaintiff and its good 4uh, She was with a toure.

44) When Asst. Ruskins continued to refuse to give plaintiff any medical treatment other inmates on suicide watch begin cutting themselves so they could go see the Federal monitor Dr. pablo stewart and tell him what was happening to plaintiff (see Ex#3, Ex#4)

45) Plaintiff was then taken to see the Federal monitor Dr. Pablo stewart for the United States District Court for the central district Illinois Judge Minhm while he was touring Pontiac C.C. later that day ~~xx~~

46) There plaintiff was physically seriously injured which anyone could see plus ~~xxxxxxxxxx~~ Plaintiff told him that he had been sexually assaulted by officers and that everybody was refusing plaintiff any medical treatment including the Asst Warden Ruskins.

(13)

47) Dr. Stewart made sure plaintiff that day while he was still in the prison that plaintiff at least got his pysch meds, heart meds, asthma meds that was being denied to him and plaintiff was told he would see a doctor the next day cause it was too late right then no doctor was on grounds

48) On 6/20/17 plaintiff was taken to see Nurse Practitioner Cheryl Hanson, and she denied plaintiff any medical treatment.

49) Plaintiff told Hanson he had broken bones and was now completly blind in his right eye and losing vision in his left eye,

50) Hanson told plaintiff All he was getting was, eye drops and scheduled to see a eye doctor sometime, and "he's lucky he was getting that" she didn't order plaintiff any pain meds nothing. HE WAS suffering.

51) After weeks of not seeing anybody plaintiff had a bone sticking up in his left hand pain in his right and lost of vision in his right eye and limited vision plaintiff was seen by physicians Asst, OJelade WERE he ordered Plaintiff pain meds ~~scheduled~~ x-rays etc and to see another eye doctor. as his suffering was prolonged SENT

52) After that plaintiff was finally ~~sent~~ to outside hospitals for his eye but by then his vision lost in his right eye had become permanent as it is still today. He is blind totally in his right eye. ~~scheduled~~ Nobody from I.A. Menard CC, Pontiac CC or springfield spoke to plaintiff ~~or took~~ his statement about his P.R.E.A, or claims stated herein. <u>Claim . II</u>

the 14th and
<u>Plaintiff's constitutional rights under ~~the~~ 8th amendments</u>
<u>to the U.S. constitution were violated when defendants</u>
<u>Lt. Samuels, Purdom, Edwards Sgt. Rigdon, Mallory, Holle,</u>
<u>WEAVER, Knauer, Simpsons, Melvin, ~~did~~ did not intervene</u>
<u>imediately when plaintiff was being assaulted and denied</u>
<u>medical treatment</u>

53) When plaintiff was being beatened by several officers Lt. Samuels, Purdom, Edwards, Sgt. Rigdon, Mallory, Holle or weaver stopped or attempted to stop the beating of plaintiff on 6-16-17 ~~each~~ Each had a duty to intervene.

54) This beating left plaintiff sexually assaulted, with broken bones And permanent blindness in his right eye by the officers named herein.

55) ~~Lt Samuels~~ Purdom, Edwards, Sgt. Rigdon Mallory, Holle, Weaver - participated in the beating and none of them stopped each other nor did Lt. Samuels stop the beating of plaintiff by officers.

(14)

56) Knauer, Simpsons, and Melvin had immediate "power" to set plaintiff medical treatment after plaintiff informed them of his serious injuries. Each had a duty to intervene on plaintiff behalf.

57) Plaintiff filed emergency grievances to Melvin, Knauer, and simpson detailing what was happening to plaintiff and how he was being denied urgent medical treatment. (SEE EX #1-A, #1-B, #2-B)

58) The denial of Knauer, Simpson, and Melvin to ~~order~~ cader plaintiff immediate medical treatment resulted in plaintiff in pain with broken bones that healed irregular and permanent blindness in his right eye. (SEE EX #1-A, #1-B, #2-B #2-C)

59) Knauer, Simpson, or Melvin didn't even address plaintiff's serious medical conditions when told about them (SEE EX #1-A #1-B #2 B)


## CLAIM III

Plaintiff constitutional Rights under the 14th and 8th amendments to the U.S constitution were violated when a ~~IDOC~~ ꞏꞏꞏꞏ ꞏꞏꞏ practice and policy written and unwritten promotes fosters, allows the abuse of inmates and denial of due process by targeting them with "staff assualter" on their I.D. cards and making them were Black & white attire among other things

60) I.D.OC has a practice & policy led and maintained by John Baldwin of ~~certain~~ same inmates given Black & white attire and I.D. cards that has staff ~~assualted on them~~ which ~~~~ allows employees of I.D.O.C to attack, abuse, and deny inmates due process. Etc.

61) In the Admin Ill Code 504 and Dept. Rules 504 states that whenever a inmates is written a disiplinary ticket for staff assualte and fund guilty, the "written penalties" are clearly defined. Black & white stripes are not written as any part of the penalties.

62) An inmate is not to have more than (1) one year segregation, loss of good time loss of privileges, loss of grade. D.R. 504 for staff assualt That's it.

63) After ~~inmates~~ complete all ~~their~~ discipline they are supposey to be returned to an original place they where prior to being given the ticket. But inmates ~~~~ in Black & white are not and punished beyond that timeframe written.

(15)

64) John Baldwin has known and has in place policy and practice for I.D.O.C. that allows the physical abuse and further punishment beyond what is written in the D.R. 504 that is given to inmates.

65) When inmates ~~are~~ are deemed a staff assaulted regardless if it is true they are targeted.

66) They are beaten sometimes severely, immediately then denied medical treatment.

67) They are sometimes most likely transferred to another institution such as Menard, Pontiac, Stateville, or Pickneyville or Lawrence sometimes,

68) Before leaving the institution for where the incident occurs inmates are denied any and all medical treatment then springfield (Directors such as Baldwin and subordinates) are informed then the inmate is transferred

69) Once transferred the reciving institution primarily pontiac and menard refuses to give medical treatment and or take measures to ensure that no further abuse occurs, instead inmates are denied food, bedding and sometimes assaulted further, U, placed in filthy cells etc.

70) John Baldwin is aware of this by way of grievances etc but has refused to change it or do anything about it

71) Once a inmate is deemed a staff assaulted he's issued a I.D. card saying "staff assaulted" on front + Back targeting him from the other inmates who don't have ~~that~~ anything on their I.D. cards

72) Inmates deemed staff assaulted has all his clothes take other inmates taken and given a Black & white jumpsuit, and suffers more punishment then what the D R 504 and written, such as they cannot go to chow or be out of their cells at certain times, visiting behind glass, unable to have all the activities general population has, They are targeted and most times inmates in Black & white don't know how long they will be denied nodual activities because there is no written policy on it, it whimisical & xs,tcary and capracious, Inmates have there pictures afore put on the walls to ensure they are targeted. This happens afore the written (1) one year has been served by the inmate.

(16)

73) Officers routinely physically attack inmates in Black & white harass them by conducting excessive strip searches, shakedowns, not honoring their call passes for movement, and many more intrusive and unconstitutional behaviors denying medical treatment

74) This is known by all employees of I.D.O.C. including John Baldwin, Dep. Directors, wardens and officers and staff what is a Black & white "striper" and how to treat them,

75) This practice happens to plaintiff as he was given an I.D. card with "staff assaulten" on it targeting plaintiff for what occurred on 6-18-17 which is the subject of his injuries and complaint hereby filed

76) other inmates in the unknown, if not more, amount are affected by this and many more will be in the future. Inmates like Willie Watts (see ex #1)

77) This practice allowed officers to beat, sexually assault, and deny plaintiff medical treatment. ~~[struck out text]~~

78) This practice is widespread throughout I.D.O.C. with Black & white "stripers" in pontiac, stateville, menard, Lawrence with untold more to be put under this practice

79) Plaintiff is still suffering abuse here in pontiac C.C. by being denied medical treatment excessive and harassing conditions etc. As well as other inmates.

80) nothing will be done without a court's intervention.

# V. RELIEF REQUESTED

Defendants: Sgt. Rigdon, Purdom, Edwards, Malloay, Holle, WEAVER, T.R.T. Hunzicker, Lt. Long, Nurse Fox, Cheryl Hanson, Ruskins, Miss "R", Ms. Pappas, I.A. Phelps, I.A. Gardiner ARE being sued in their individual ; official capacities for punitive, and compensatory damages for Claim. I (MONEY)

Defendants: Lt. Samuels, Purdom, Edwards, Sgt Rigdon, Malloay, Holle, WEAVER, Knauer, Simpson, Melvin are being sued in their individual ; official capacities for punitive and compensatory damages for Claim. II (MONEY)

Defendant: John Baldwin is being sued in his individual and official capacities for claim. III (money) ; (injunction)

Plaintiff seeks an injunction to stop the policy and practice contained in Claim. III

Plaintiff seeks class action status for him and other similiarly situated persons/inmates for claims contained herein.

V.    **REQUEST FOR RELIEF**

State exactly what you want this court to do for you.  If you are a state or federal prisoner and seek relief which affects the fact or duration of your imprisonment (for example: illegal detention, restoration of good time, expungement of records, or parole), you must file your claim on a habeas corpus form, pursuant to 28 U.S.C. §§ 2241, 2254, or 2255.  Copies of these forms are available from the clerk's office.



VI.   **JURY DEMAND** (*check one box below*)

The plaintiff ▣ does  ☐ does not request a trial by jury.

**DECLARATION UNDER FEDERAL RULE OF CIVIL PROCEDURE 11**

I certify to the best of my knowledge, information, and belief, that this complaint is in full compliance with Rule 11(a) and 11(b) of the Federal Rules of Civil Procedure. The undersigned also recognizes that failure to comply with Rule 11 may result in sanctions.

Signed      / /  2 7  / 8                              _____
on:              (date)                                   Signature of Plaintiff

P. O. Box  9 9                                  William Buck
     Street Address                                      Printed Name

Pontiac ILL  61764                            R21689
     City, State, Zip                                    Prisoner Register Number

_____
Signature of Attorney (if any)



UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF ILLINOIS
prisoner.esl@ilsd.uscourts.gov

ELECTRONIC FILING COVER SHEET

Please complete this form and include it when submitting any type of document, letter, pleading, etc. to the U.S. District Court for the Southern District of Illinois for review and filing.

William Buck
Name

R21988
ID Number

Please answer questions as thoroughly as possible and circle yes or no where indicated.

1.   Is this a new civil rights complaint or habeas corpus petition?          (Yes) or No

     If this is a habeas case, please circle the related statute:   28 U.S.C. 2241 or 28 U.S.C. 2254

2.   Is this an Amended Complaint or an Amended Habeas Petition?          Yes or No

          If yes, please list case number:   _____

          If yes, but you do not know the case number mark here:   _____

3.   Should this document be filed in a pending case?          Yes or No

          If yes, please list case number:   _____

          If yes, but you do not know the case number mark here:   _____

4.   Please list the total number of pages being transmitted:          37

5.   If multiple documents, please identify each document and the number of pages for each document.  For example:  Motion to Proceed In Forma Pauperis, 6 pages;  Complaint, 28 pages.

| Name of Document | Number of Pages |
|---|---|
| Plaintiff Complaint w/exhibits | 30 |
| Motion for appointment of counsel | 2 |
| Motion for pauper status /w/trust fund | 5 |

Please note that discovery requests and responses are NOT to be filed, and should be forwarded to the attorney(s) of record.   Discovery materials sent to the Court will be returned unfiled.

Front's Back

**ILLINOIS DEPARTMENT OF CORRECTIONS**
**OFFENDER'S GRIEVANCE**

| Date: 7/7/17 | Offender: (Please Print) William Buck | | ID#: R21689 |
|---|---|---|---|
| Present Facility: Pontiac  CC | Facility where grievance issue occurred: MENARD | | C.C. |

**NATURE OF GRIEVANCE:**

- [ ] Personal Property
- [x] Staff Conduct
- [ ] Transfer Denial by Facility
- [ ] Mail Handling
- [ ] Dietary
- [ ] Transfer Denial by Transfer Coordinator
- [ ] Restoration of Good Time
- [x] Medical Treatment
- [ ] ADA Disability Accommodation
- [ ] HIPAA
- [x] Other (specify): PREA ISSUE

- [ ] Disciplinary Report: _____ / _____ / _____
       Date of Report                    Facility where issued

Note:     Protective Custody Denials may be grieved immediately via the local administration on the protective custody status notification.

Complete: Attach a copy of any pertinent document (such as a Disciplinary Report, Shakedown Record, etc.) and send to:
     Counselor, unless the issue involves discipline, is deemed an emergency, or is subject to direct review by the Administrative Review Board.
     Grievance Officer, only if the issue involves discipline at the present facility or issue not resolved by Counselor.
     Chief Administrative Officer, only if EMERGENCY grievance.
     Administrative Review Board, only if the issue involves transfer denial by the Transfer Coordinator, protective custody, involuntary
     administration of psychotropic drugs, issues from another facility except personal property issues, or issues not resolved by the Chief
     Administrative Officer.

Summary of Grievance (Provide information including a description of what happened, when and where it happened, and the name or identifying information
for each person involved):

On 6-16-17 while I was standing by the door cage in the westhouse a commotion begin and I saw the tower man scream get down I yelled for him to shoot me because I wasn't getting my psych meds and it makes me suicidal so I was attempting suicide. He fired and at the sametime several correctional officers begin to throw me to the ground kicking + punching me in the head, face and body. I was put in handcuffs and then Sgt. Rigdon put a can of pepperspray on my right eye and sprayed. C/O's Purdom, Edwards, Mallery + Weaver each continued to kick knee + punch me in the face head + body. Then C/O's Weaver

Relief Requested: To have this investigated

- [x] Check only if this is an EMERGENCY grievance due to a substantial risk of imminent personal injury or other serious or irreparable harm to self.

_____     R21689     7,7,17
Offender's Signature              ID#              Date

(Continue on reverse side if necessary)

**Counselor's Response (if applicable)**

| Date Received: ___ / ___ / ___ | [ ] Send directly to Grievance Officer | [ ] Outside jurisdiction of this facility. Send to Administrative Review Board, P.O. Box 19277, Springfield, IL 62794-9277 |
|---|---|---|

Response:

RECEIVED
JUL 1 3 2017

_____     _____     ___ / ___ / ___
Print Counselor's Name        Counselor's Signature        Date of Response

**EMERGENCY REVIEW**

| Date Received: 7/13/17 | Is this determined to be an emergency nature? | [ ] Yes; expedite emergency grievance [x] No; an emergency is not substantiated. Offender should submit this grievance in the normal manner. |
|---|---|---|

_____
Chief Administrative Officer's Signature          7/13/17
                                                              Date

Distribution: Master File; Offender               Page 1               DOC 0046 (8/2012)
Printed on Recycled Paper

PAGE 0662 01
2

Mallory & Holle carried me out of the building each continuing to hit me. C/O Purdom yelled make sure you get in his ass (talking about me) C/O Holle replied we got him and they pulled down my pants & underwear down while they all were carrying me each had one arm and my legs they threw me down dropping me on my face kicking me one tried to pull my right eye out. Then I heard one spit and I felt it on my buttocks then I felt something go into my anus. I heard them say how does that feel They then pulled my pants up and continued carrying me They took me into the H.C.U. There an person (woman) told them I wasn't dead get me out I got no treatment nor saw mental Health. C/O's Mallory & Holle took me to North 2 and put me in a shower room (SEE 2 gallery camera) There were alot of Correctional officers there. Inmates where ~~in their cells~~ in another shower room I.A. Phelps had a camera recording They continued threatening me Holle Sgt's Lindenburg & A. Jones (white male) C/O's Caleb (Another) with a cleft lip) Sgt. Jones took me out of the shower room naked and walked me to I.A. I was beaten with broken bones & blinded I asked both I.A. Gardiner & Phelps for medical treatment but they refused saying they'll see me in court. I was then placed in N2 243 w/out nothing in it mattress-etc. Sgt. Jones refused to feed me I stayed like that for hours until T.R.T came I told T.R.T member Hunzicker that my hands, jaw & ribs were broken. He told me to shut up before he break more he then put the restraints on super tight causing more pain threatening to spray me again I was taken to justice CC at 100 AM where Hunzicker told the H.C.U. don't do shit for me I did't get nothing. I was placed in Northhouse #109 w/out no water mattress nothing but concrete. I ~~then tried to~~ hung myself attempting suicide again that day. Lt long pepperspsrayed me and I was put on suicide watch in another cell 5M127 w/out water or mattress There C/O schulte 2nd C/O smith 3rd didit feed me trays. I reported ~~the~~ the sexual assault 6-17-17 to MHP Todd Nelson, MHP Ms. Jessie R. did my suicide protocal. IA michelin came to my door said to me they got my good laughed and he walked away. Nurse Sabrina came with (3) C/O's asking me at my door "did they get deep" "did it feel good" and "if his sure I wanted to file a PREA complaint" 6-18-17 Intold MHP Ms. Montenero about this On 6-19-17 I told Emily Ruskin about what was happening with me she said she knew its good huh Later that day I spoke to Pablo Stewart a federal monitor about my treatment. On 6-20-17 I took my picture then saw Nurse Prac Crystal Hanson all she told me I was getting eye drops and to see the eye doctor (my eye was worsening along with my other injurys to my face hands ribs) I'm lucky I was getting that she wouldst even give me pain meds she said. I am blind in my right eye limited vision in my left bone sticking up in my left hand pain in my right hand .......... !

Exp 1-B

ILLINOIS DEPARTMENT OF CORRECTIONS
## RESPONSE TO OFFENDER'S GRIEVANCE

| Grievance Officer's Report |
|---|

**Date Received:** July 13, 2017     **Date of Review:** July 13, 2017     **Grievance #** (optional): 066201

**Offender:** Buck, William     **ID#:** R21689

**Nature of Grievance:** Staff Conduct - Menard Correctional Center staff members (6/16/17)

**Facts Reviewed:** Offender alleges that on 6/16/17 he was kicked in the head, face and body by several Menard CC Correctional Officers. Grievant alleges he was carried out of the building, his pants and underwear were pulled down, and he felt something go into his anus. Offender was taken to the HCU and claims he got no treatment nor saw Mental Health.

Offender alleges he was beaten with broken bones and blinded.

"I was taken to Pontiac CC at 1:00am. I was placed in North house #109 w/out no water mattress nothing but concrete. I hung myself attempting suicide again that day. I reported the sexual assault 6/17/17 to MHP Todd Nelson, MHP Ms. Jeane K. did my suicide protocol".

This Grievance Officer reviewed correspondence upon receipt of complaint from the Warden's Office. It was determined, per Internal Affairs Officer S. Farrar, that offender Buck's (R-21689) PREA allegation(s) were previously addressed and initiated on 6/17/17 and forwarded to Menard CC on 6/20/17 where the allegation took place.

Additionally, Offender Buck was placed on 10 minute Suicide Watch on 6/17/17 upon his arrival to Pontiac Correctional Center. An offender on Suicide Watch will only receive a Safety Blanket and Safety Smock.

Grievance is considered moot at this juncture based on issue(s) previously referred in accordance with PREA Standards.

**Recommendation:** Based upon a total review of all available information, it is the recommendation of this Grievance Officer that the offender's grievance be considered MOOT based on issue(s) previously referred in accordance with PREA Standards.

S. Simpson

Print Grievance Officer's Name          Grievance Officer's Signature

(Attach a copy of Offender's Grievance, including counselor's response if applicable)

| Chief Administrative Officer's Response |
|---|

**Date Received:** 7-2-17     ☑ I concur    ☐ I do not concur    ☐ Remand

**Comments:**

Michel P Melvin

Chief Administrative Officer's Signature         7-2-17

Date

| Offender's Appeal To The Director |
|---|

I am appealing the Chief Administrative Officer's decision to the Director. I understand this appeal must be submitted within 30 days after the date of the Chief Administrative Officer's decision to the Administrative Review Board, P.O. Box 19277, Springfield, IL 62794-9277. (Attach a complete copy of the original grievance, including the counselor's response, if applicable, and any pertinent documents.)

Offender's Signature         ID#         Date

EX 2-B
Front & Back

ILLINOIS DEPARTMENT OF CORRECTIONS
**OFFENDER'S GRIEVANCE**

| Date: 7-9-17 | Offender: (Please Print) William Buck | ID#: R21689 |
|---|---|---|

| Present Facility: Pontiac CC | Facility where grievance issue occurred: ~~Administrative~~ MENARD C.C. |
|---|---|

**NATURE OF GRIEVANCE:**

- ☐ Personal Property
- ☒ Staff Conduct
- ☐ Transfer Denial by Facility
- ☐ Mail Handling
- ☐ Dietary
- ☐ Transfer Denial by Transfer Coordinator
- ☐ Restoration of Good Time
- ☒ Medical Treatment
- ☐ ADA Disability Accommodation
- ☐ HIPAA
- ☐ Other (specify): _____

- ☐ Disciplinary Report: ____/____/____
  Date of Report _____ Facility where issued

**Note:** Protective Custody Denials may be grieved immediately via the local administration on the protective custody status notification.

**Complete:** Attach a copy of any pertinent document (such as a Disciplinary Report, Shakedown Record, etc.) and send to:
Counselor, unless the issue involves discipline, is deemed an emergency, or is subject to direct review by the Administrative Review Board.
Grievance Officer, only if the issue involves discipline at the present facility or issue not resolved by Counselor.
Chief Administrative Officer, only if EMERGENCY grievance.
Administrative Review Board, only if the issue involves transfer denial by the Transfer Coordinator, protective custody, involuntary administration of psychotropic drugs, issues from another facility except personal property issues, or issues not resolved by the Chief Administrative Officer.

**Summary of Grievance** (Provide information including a description of what happened, when and where it happened, and the name or identifying information for each person involved):

On 6-19-17 while I was standing by the door cage in the westhouse a commotion begin and I saw the tower man scream get down I yelled for him to shoot me (I take psych meds but hadn't been getting them which makes me suicidal I was attempting suicide) He fired and at the sametime several correctional officers begin to throw me to the ground kicking & punching me in the face, head, and body. I was put in handcuffs and then Sgt Rigdon put a can of pepper spray on my right eye and sprayed C/o's Purdom, Edwards, Mallory & Weaver continued to kick knee & punch me in the face head and body. Then C/o's Holle Mallory & Weaver carried me out of the building each continuing to hit me

**Relief Requested:** To have this investigated

☐ Check only if this is an EMERGENCY grievance due to a substantial risk of imminent personal injury or other serious or irreparable harm to self.

_____        R21689    7, 9, 17
Offender's Signature                ID#        Date
(Continue on reverse side if necessary)

**Counselor's Response (if applicable)**

Date Received: ____/____/____    ☐ Send directly to Grievance Officer    ☐ Outside jurisdiction of this facility. Send to Administrative Review Board, P.O. Box 19277, Springfield, IL 62794-9277

Response: _____

_____

_____

_____

Print Counselor's Name _____  Counselor's Signature _____  Date of Response ____/____/____

**EMERGENCY REVIEW**

Date Received: ____/____/____    Is this determined to be of an emergency nature?
☐ Yes; expedite emergency grievance
☐ No; an emergency is not substantiated. Offender should submit this grievance in the normal manner.

RECEIVED
JUL 25 2017
ADMINISTRATIVE
REVIEW BOARD

Chief Administrative Officer's Signature _____  Date ____/____/____

PAJE 2

C/o Purdon yelled make sure you get in his ass (talking about me) next thing I heard was C/o Halle saying we got him and they pulled down my pants + underwear while they were carrying me each had a arm + legs. They threw me down on my face then I heard one of them spit and I felt it on my buttocks then I felt something go into my butt, I heard them say how does that feel they then pulled my pants up and continued carrying me to the H.C.U. There a person (a woman) said that I wasn't dead to get me out of there she did no exam nor was I seen by mental health, C/o Halle + Mallory took me to North 2 and put me in a shower room check 2 gallery cameras there were other inmates and shower rooms and their cells also there were alot of Correctional Officers there. I.A Phelps was there with a camera recording C/o's continued threatening me. Sgt Lindenberg, Sgt A Jones (white m/e) C/o coles another C/o with a cleft lip. Sgt A Jones took me out of the shower room naked and walked me to I.A. I was seen with broken bones and blinded I asked both I.A. Gardiner + Phelps for medical treatment but they refused saying they'll see me court I was then placed in a cell w/out a mattress nothing in it and Sgt A jones refused me my tray. I stayed like that five hours until T.R.T. came I told T.R.T member Hunzicker that my hands, jaw and ribs were broke he told me to shut up before he break more then he put the restraints on super tight causing more prin threatening to spray me again. I was taken to Pontiac at 1:00 AM where Hunzicker told the H.C.U. nurses don't do shit for me, and they didn't. I was placed in northhouse #109 with no water mattress nothing but concrete. I hung myself then Lt. ling pepperspayed me and I was put on suicide watch in another cell w/out water or mattress just a suicide vest in South mental health there C/o schutte 2nd and C/o smith 3rd refused to feed me I reported 6-17-17 the sexual assault to MHP Todd Nelson MHP Jeane K, did my suicide protocol, I.A. Michelin came to my door and simply told me they got me good then walked off laughing Nurse Sabrina Fox came with 3 C/o's then she asked me at my door in fraunt of them making jokes asking did they get in i did it feel good and was I sure I wanted to file a PREA 6-18-17 I told MHP Malinero 6-19-17 I told AWP Ruskins about what happened and she told me she already knew and said its good huh? Later that day I spoke to Pablo Stewart a federal monitor cause of what was happening. 6-20-17 I was taken to take a picture and then I saw nurse practioner Crystal Hansen and she told me all I was getting was some eyedrops and to see a eye doctor and I was lucky to get that she gave me no pain meds or ordered my other treatment for my broken bones. I am blind in my right eye constant pain in my right + left hands I have a bone sticking up in my left with limited movement in both

Et 2-B

ILLINOIS DEPARTMENT OF CORRECTIONS

## Administrative Review Board
## Return of Grievance or Correspondence

**Offender:** _Buck_       _William_       M _B21689_
Last Name              First Name                ID#

**Facility:** _Pontiac_

☐ Grievance: Facility Grievance # (if applicable) _____ Dated: _7/9/17_   or ☐ Correspondence: Dated: _____

Received: _7/25/17_ Regarding: _Prea, Stall assault (Sgt Reeton, CO Purdon, Edwards,_
Date              _Mallory & Werner) 6/16/17_

The attached grievance or correspondence is being returned for the following reasons:

---

**Additional information required:**

☐ Provide your original written Offender's Grievance, DOC 0046, including the counselor's response, if applicable.

☐ Provide a copy of the Response to Offender's Grievance, DOC 0047, including the Grievance Officer's and Chief Administrative Officer's response, to appeal; if timely.

☐ Provide dates when incidents occurred.

☐ Unable to determine nature of grievance or correspondence; submit additional specific information.  Please return the attached grievance or correspondence with the additional information requested to: Administrative Review Board
Office of Inmate Issues
1301 Concordia Court, Springfield, IL  62794-9277

---

**Misdirected:**

☐ Contact your correctional counselor or Field Services regarding this issue.

☐ Request restoration of Statutory Sentence Credits to Adjustment Committee.  If the request is denied by the facility, utilize the offender grievance process outlined in Department Rule 504 for further consideration.

☐ Contact the Record Office with your request or to provide additional information.

☐ Personal property and medical issues are to be reviewed at your current facility prior to review by the Administrative Review Board.

☐ Address concerns in a letter to:  Illinois Prisoner Review Board, 319 E. Madison St., Suite A, Springfield, IL  62706

---

**No further redress:**

☐ Award of Supplemental Sentence Credits are discretionary administrative decisions; therefore, this issue will not be addressed further.

☐ Administrative Transfer denials are discretionary administrative decisions; therefore, this issue will not be addressed further.

☐ Not submitted in the timeframe outlined in Department Rule 504; therefore, this issue will not be addressed further.

☐ Administrative Review Board received the appeal 30 days past date of Chief Administrative Officer's decision; therefore, this issue will not be addressed further.

☐ This office previously addressed this issue on _____
Date

☐ No justification provided for additional consideration.

---

**Other** (specify): _Your grievance dated 7/9/17, is being forwarded to the facility_
_where the alleged incident occurred for an investigation. At the conclusion_
_of the investigation, IA is to provide offender and the ARB the outcome._

**Completed by:** Debbie Knauer       _Debbie Knauer_       _7/28/17_
Print Name              Signature              Date

Distribution:    Offender
Inmate Issues

Printed on Recycled Paper

DOC 0070 (Rev.5/2017)

Bruce Rauner
Governor

John Baldwin
Acting Director

Ef 2-c



## The Illinois Department of Corrections

1301 Concordia Court, P.O. Box 19277 • Springfield, IL 62794-9277 • (217) 558-2200 TDD: (800) 526-0844

Offender Name: _Buck, William_        Date: _9/7/17_

Register # _R21689_

Facility: _Pontiac_

This is in response to your grievance received on _7/25/17_. This office has determined the issue will be addressed without a formal hearing. A review of the Grievance, Grievance Officer/CAO response to the grievance has been conducted. For a grievance that is direct review by the ARB, a review of the Grievance has been conducted.

**Your issue regarding:** Grievance dated: _7/9/17_   Grievance Number: _____   Griev Loc: _Menard_

- ○ Transfer denied by the Facility or Transfer Coordinator
- ○ Dietary _____
- ○ Personal Property _____
- ○ Mailroom/Publications _____
- ○ Assignment (job, cell) _____

- ○ Commissary _____
- ○ Trust Fund _____
- ○ Conditions (cell conditions, cleaning supplies)
- ○ Disciplinary Report dated _____
  Incident # _____
- ⊗ Other _PREA & Staff- CO Purdon, Edwards, Mallory, Wendler 6/16/17_

**Based on a review of all available information, this office has determined your grievance to be:**

- ○ Affirmed, Warden _____ is advised to provide a written response of corrective action to this office by _____
- ○ Denied, in accordance with DR504F, this is an administrative decision.
- ○ Denied, this office finds the issue was appropriately addressed by the facility Administration.
- ○ Denied in accordance with AD05.03.103A (Monetary Compensation for Inmate Assignments)
- ○ Denied, as the transfer denial by the facility/TCO on _____ was reviewed in accordance with transfer procedures and is an administrative decision.

- ○ Denied as the facility is following the procedures outlined in DR525.
- ○ Denied as Cell Assignment/Housing is consistent with the Department's determination of the appropriate Operational capacity of each facility.
- ○ Denied as procedures were followed in accordance with DR 420 for removal/denial of an offender from/for an assignment.
- ○ Denied as this office finds no violation of the offender's due process in accordance with DR504.80 and DR504.30. This office is reasonably satisfied the offender committed the offense cited in the report.

Other: _Per IA, the PREA investigation was unfounded grievance denied. No further action at this level will be taken. Staff assault charges also unfounded._

FOR THE BOARD: _Debbie Knauer_        CONCURRED: _John R Baldwin_
Debbie Knauer
Administrative Review Board

John R. Baldwin
Acting Director

CC:   Warden, _Pontiac_ Correctional Center
_Buck_ , Register No. _R21689_

_Mission:_ To serve justice in Illinois and increase public safety by promoting positive change in offender behavior, operating successful reentry programs, and reducing victimization.

www.illinois.gov/idoc

STATE OF ILLINOIS )
COUNTY OF )
Livingston )

Ex 1

## AFFIDAVIT

I WILLIE L WALLS III _____ do hereby declare and affirm that the following information within this affidavit is true and correct in substance and in facts.

1.) On 6/16/17 I Willie Walls was incarcerated in Menard C.C.

2.) On that Sameday I was in line coming out the gym when a commotion started with Correctional officers and inmates

3.) I was then struck several times by correctional officers and taken to North 2

4.) There other inmates were there including William Buck

5.) William Buck was yelling that the Correctional officers had beaten him and sexually assaulted him

6.) I was then transferred despite having many injuries from being assaulted by C.O's but I was not given any treatment

7.) I.D.O.C. had labeled me a staff assaulter which meant I was not to be given any medical treatment if staff assaulted me.

8.) This label of staff assaulter was put on my I.D. and I was made to wear a black & white jumpsuit which was seperate from the other inmates clothing

9.) This allowed staff to disciminate and abuse me although this policy isn't on the IDoc Rules & Regulations

Pursuant to 28 USC 1746, 18 USC 1621 or 735 ILCS 5/1-109, I declare, under penalty of perjury that Everything contained herein is true and accurate to the best of my knowledge and belief. I do declare and affirm that the matter at hand is not taken either frivolously or maliciously and that I believe the foregoing matter is taken in good faith.

Signed on this 31 day of August 2018

_____
Affiant

STATE OF ILLINOIS )
COUNTY OF Livingston )

## AFFIDAVIT

I _Juan Ocón #R11746_ do hereby declare and affirm that the following information within this affidavit is true and correct in substance and in facts.

① In June 16 of 2017 during first shift at Menard C.C. I was in North 2, in cell 244.

② I saw William Buck being dragged into North 2, by two officers. One white other black.

③ Buck was dragged into building and all the way inside one of three showers on 2 gallery.

④ Alot more officers were standing by showers when Buck was dragged into one of three

⑤ I couldn't see Buck inside shower but I could hear him screaming in pain and yelling for help.

⑥ I also could hear officers yelling at Buck in threatening manner to be quiet.

⑦ I saw officers took off Buck's clothes and take him out the shower.

⑧ My cell #244 was eight cells away from showers, on 2 gallery.

⑨ I saw officers escort Buck while naked and cuffed up the stairs to 4 gallery. And then later he was brought back down to 2 gallery wearing a beige seg. jump suit.

⑩ They put Buck in cell 243 which was next to mine with no mattress or anything inside.

⑪ As Buck was being put inside cell 243 I saw him and his right eye was swollen and he was covered in pepper spray, and he kept saying he couldn't see.

⑫ No officers gave Buck any aid or assistance while in cell 243.

⑬ Once inside cell Buck was yelling he was in pain because he been raped by officers.

⑭ Buck remained in cell 243 until he was taken out at night and later I was told he had been transfered.

Pursuant to 28 USC 1746, 18 USC 1621 or 735 ILCS 5/1-109, I declare, under penalty of perjury that Everything contained herein is true and accurate to the best of my knowledge and belief. I do declare and affirm that the matter at hand is not taken either frivolously or maliciously and that I believe the foregoing matter is taken in good faith.

Signed on this 25 day of January 2018

01/05/18

OFFICIAL SEAL
AMBER L. POTTS
Notary Public - State of Illinois
My Commission Expires 11/18/2019

Affiant

STATE OF ILLINOIS )
)
COUNTY OF )
Livingston

EX $^d$ 3

## AFFIDAVIT

I Mr. Analrew M<sup>c</sup>Kissick #B-83805 do hereby declare and affirm that the following information
within this affidavit is true and correct in substance and in facts.

I was In the South House / gallery 6-12-17 Pontiac C.C I saw
William Buck being Escorted by Several C.O's That Morning William Buck was In Bad
Shape His Eyes were injured Badly He looked like He Needed Medical Help.
They put him in Cell 127 And The CO's didn't Give him Any Help CO's Were
Not feeding him And Had His Water Cut off. All the inmates including myself
were Asking Them to Feed Mr. Buck And Cut His Water on His Cell Mental
Health to. A Few Days after Buck was in Her Gallery Warden Emily hastings Came
with a tour And was told He Mr. Buck Needed Medical Treatment And She
Said So What So Some inmates Begin Cutting on themselves to speak with the
Federal Monitor Dr. Pablo Steward And tell Dr. Pablo Steward About what was
happening to Mr. Buck. He was with the tour. Dr. Pablo Steward pulled
Mr. Buck out then spoke to him. that Same Day Before He left.

Pursuant to 28 USC 1746, 18 USC 1621 or 735 ILCS 5/1-109, I declare, under penalty of perjury that
Everything contained herein is true and accurate to the best of my knowledge and belief. I do declare
and affirm that the matter at hand is not taken either frivolously or maliciously and that I believe the
foregoing matter is taken in good faith.

Signed on this __1__ day of ___MAY_____ 201 8

Andrew M<sup>c</sup>Kissick #B 83805

Affiant

STATE OF ILLINOIS     }
                      }  SS
COUNTY OF LIVINGTON)                    Ex #4

## AFFIDAVIT

I, Ralph Kings, do hereby declare and affirm that the following information within this affidavit is true and correct in substance and in facts.

Sometime in the summer of 2017, at ~~████████~~, while housed at Pontiac C.C. in South Cell House, I observed multiple staff escort an inmate to cell 127. The inmate appeared to have his eye swollen shut, swelling and bruises around his face and head and he was walking as if it was painful. While that inmate was in cell 127, over a time period, I heard him complaining of not being fed, not having any running water, not receiving medical attention and being in fear of his life. And I also witnessed staff threatening that inmate at his cell front. I was so concerned for this inmate that when I went on a call-pass to talk to Federal Monitor, Dr. Pablo Stewart, I informed the doctor of that inmate's condition.

Pursuant to 28 USC 1746, 18 USC 1621, or 735 ILCS 5/1-109, I declare, under penalty of perjury that everything contained herein is true and accurate to the best of my knowledge and belief. I do declare and affirm that the matter at hand is not taken either frivolously or maliciously and that I believe the foregoing matter is taken in good faith.

Dated: 8/12/18

s/ Ralph Kings
Ralph Kings #M02363
Pontiac Correctional Center
P.O. Box 99
Pontiac, IL 61764