# UNITED STATES DISTRICT COURT
### CENTRAL DISTRICT OF ILLINOIS, PEORIA DIVISION

WILLIAM BUCK, #R21689,

                Plaintiff,

v.

SHANE LONG, DEBBIE KNAUER,
SABRINA FOX, CHERYL HANSON,
EMILY RUSKIN, SHARON SIMPSON and
MICHAEL MELVIN,

                Defendants.

Case No. 19-CV-01084

Judge Colin Stirling Bruce

## RENEWED JOINT MOTION FOR SANCTIONS

NOW COME Defendants DEBBIE KNAUER, SHANE LONG, MICHAEL MELVIN, EMILY RUSKIN, and SHARON SIMPSON ("Illinois Department of Corrections Defendants" or "IDOC Defendants"), by and through their attorney, Kwame Raoul, Illinois Attorney General, and SABRINA FOX and CHERYL HANSEN ("Wexford Health Sources, Inc. Defendants" or "Wexford Defendants"), by and through their attorney, Scott B. Sievers of CASSIDAY SCHADE LLP, and for their Renewed Joint Motion for Sanctions state as follows:

1.      On July 14, 2022, IDOC Defendants and Wexford Defendants filed Defendants' Joint Motion for Sanctions and Motion to Stay Dispositive Motion Deadlines. [Doc. 70]. The co-Defendants' motion sought sanctions against Plaintiff for perjury at trial and for his conduct during his July 9, 2022, deposition. In that deposition, Plaintiff refused to answer questions on relevancy grounds despite being admonished by the Court otherwise; disrespected Magistrate Judge Long by questioning his authority and accusing him of misconduct when Judge Long was asked to intervene; swore at counsel and yelled; and then refused to sit for the remainder of his deposition

and instead walked out before questioning had concluded, among other unruly conduct. [*See* Doc. 70 at 2–14].

2.      On February 22, 2023, the Court granted Co-Defendants' motion in part and denied it in part. (Text Order of Feb. 22, 2023). The Court found that Plaintiff's alleged perjury did not warrant dismissal of his action, nor did Plaintiff's misconduct in his deposition warrant dismissal without prior warning. *Id.* However, the Court admonished Plaintiff that his demeanor in his deposition, directed at defense counsel and Judge Long, was inappropriate "and must not be repeated." *Id.* The Court reprimanded Plaintiff "and warned that dismissal with prejudice could result from further such behavior." *Id.* The Court granted Defendants the opportunity to redepose Plaintiff. *Id.*

3.      On April 18, 2023, counsel for IDOC Defendants filed a notice of her intention to take Plaintiff's deposition on April 26, 2023, by Zoom video and served a hard copy of her notice upon the Plaintiff.   [Docs. 86–88]. Counsel for IDOC Defendants and Wexford Defendants subsequently prepared for Plaintiff's upcoming deposition.

4.      On April 26, 2023, Darryl E. Lewis, a correctional lieutenant at Pontiac Correctional Center, went to transport Plaintiff to his deposition. (Ex. 1 ¶ 4). Plaintiff was in a wheelchair. *Id.* Lt. Lewis informed Plaintiff that his deposition was starting within the next thirty minutes and asked if he was going to attend.[1] *Id.* at ¶ 5. Plaintiff responded that there was no reason to attend the deposition and refused to go. *Id.* Plaintiff did not state he was sick or offer any other

---

[1] Plaintiff's deposition originally was set for 10 a.m., then moved to 11 a.m., then ultimately set for 1:30 p.m. [Docs. 86–88]. Lt. Lewis' declaration and Incident Report suggest the change in the original time for Plaintiff's deposition might not have been communicated or might have been miscommunicated.

reason preventing him from attending his deposition that day. *Id.* at ¶ 7. Lt. Lewis subsequently filed an Incident Report regarding the interaction with Plaintiff.[2] *Id.* at ¶ 6.

5.      On May 2, 2023, Plaintiff filed a Motion for Status in which he claimed that he attempted to go to his deposition but was unable to do so because of his medical condition and physical and mental state. [Doc. 90 at ¶¶ 1–2]. However, Plaintiff also falsely asserted in his motion that he had been deposed three times in relation to this case and had no new information to offer. [Doc. 90 at 1].

6.      The undersigned subsequently learned from IDOC staff as well as the Plaintiff's attorneys in a Southern District of Illinois case (*Buck v. Baldwin et al.,* 3:18-cv-2125-DWD) that Plaintiff has been on a hunger strike for reasons that have shifted from time to time and that this hunger strike has impacted Plaintiff's health. Thus, to the extent that he claimed on April 26, 2023, that health issues precluded him from attending his deposition that afternoon, those issues were self-inflicted by Plaintiff's voluntary hunger strike and thus cannot serve as a valid basis for refusing to sit for his deposition.

7.      Nikki Rambo, the Director of Nursing at Pontiac Correctional Center, attests by declaration that she was unaware of any incapacities Plaintiff had on April 26, 2023, that would have prohibited him from attending his deposition, and her review of Plaintiff's medical records found nothing indicating he was unable to attend his deposition due to medical reasons. (Ex. 2 ¶¶ 3–5). DON Rambo further attests that Plaintiff was on a hunger strike on April 26, 2023, but was transported by wheelchair throughout the prison and could have been transported to his deposition by wheelchair on that date. (*Id.* at ¶ 6). Thus, despite his misleading Motion for Status to the

---

[2] While Defendants tender Lt. Lewis' declaration and attached Incident Report for the truth of the matter asserted by Plaintiff's out-of-court statements, Plaintiff's statements in the declaration and Incident Report are admissible as party admissions (Fed. R. Evid. 801(d)(2)(A)) and the Incident Report itself is admissible as a record of a regularly conducted activity (Fed. R. Evid. 803(6) and as a public record (Fed. R. Evid. 803(8)).

contrary, Plaintiff's health did not preclude him from attending and participating in his deposition. He simply refused to sit for it.

8. A district court has inherent power to fashion an appropriate sanction for conduct abusing the judicial process, and sanctions meted out pursuant to that power are appropriate where the offender has willfully abused the judicial process or otherwise conducted litigation in bad faith. *E.g., Salmeron v. Enter. Recovery Sys.*, 579 F.3d 787, 793 (7th Cir. 2009). Though severe, the sanction of dismissal lies within the court's discretion. *Id.*

9. Despite being admonished by the Court that his demeanor in his July 9, 2022, deposition was inappropriate "and must not be repeated," Plaintiff repeated his bad behavior by refusing to sit for his court-authorized deposition on April 26, 2022. (*See* Text Order of Feb. 22, 2023). Plaintiff perpetuated his bad behavior by misleadingly suggesting in his Motion for Status that he could not attend his deposition due to something beyond his control—his health—when no medical issue precluded him from sitting for his deposition and his health resulted from his voluntary hunger strike. Plaintiff's behavior warrants dismissal with prejudice—a possible outcome for which Plaintiff was warned. *See id.*

10. By refusing to sit for his court-authorized deposition and then filing a misleading motion suggesting that his absence from his deposition was due to his health, Plaintiff has wasted the time of IDOC staff arranging for his deposition, the time of Defendants' counsel in preparing for his deposition, and now this Court's time. Accordingly, the Court should find that Plaintiff has willfully abused the judicial process and conducted litigation in bad faith and should exercise its inherent power to sanction Plaintiff by dismissing this action with prejudice as frivolous and malicious and deem it to count as a strike against Plaintiff pursuant to 28 U.S.C. § 1915(g).

WHEREFORE Defendants pray that this honorable Court grant their Renewed Joint Motion for Sanctions and find that Plaintiff has willfully abused the judicial process and conducted litigation in bad faith, dismiss this action with prejudice as frivolous and malicious, and deem it to count as a strike against Plaintiff pursuant to 28 U.S.C. § 1915(g).

Respectfully submitted,

DEBBIE KNAUER, SHANE LONG,
MICHAEL MELVIN, EMILY RUSKIN,
and SHARON SIMPSON

Elizabeth J. Andonova Mallory
ARDC No. 6323567
Assistant Attorney General
Office of the Illinois Attorney General
100 West Randolph Street, 13th Floor
Chicago, IL 60601
(312) 814-4355 (office)
E.AndonovaMallory@ilag.gov

By:    s/ Elizabeth J. Andonova Mallory (w/ consent)

SABRINA FOX and CHERYL HANSEN

Scott B. Sievers
ARDC No. 6275924
CASSIDAY SCHADE LLP
3100 Montvale Drive
Springfield, IL 62704
(217) 572-1714 (telephone)
(217) 572-1613 (facsimile)
ssievers@cassiday.com

By:    s/ Scott B. Sievers

**CERTIFICATE OF SERVICE**

I hereby certify that on May 31, 2023, I electronically filed the foregoing Renewed Joint Motion for Sanctions with the Clerk of the Court using the CM/ECF system. The electronic case filing system sent a "Notice of E-Filing" to the following:

Elizabeth J. Andonova Mallory, Esq.
Office of the Illinois Attorney General
100 West Randolph Street 13th Floor
Chicago IL 60601
e.andonovamallory@ilag.gov

I hereby certify that a true and correct copy of the foregoing Renewed Joint Motion for Sanctions was served via regular mail to the following non-CM/ECF participant at the following address by depositing the same in the U.S. Mail located in Springfield, Illinois, with proper postage prepaid, on May 31, 2023.

Under penalties as provided by law pursuant to 735 ILCS 5/1-109, I certify that the statements set forth herein are true and correct:

William Buck, #R21689
Pontiac Correctional Center
700 West Lincoln Street
P.O. Box 99
Pontiac IL 61764

s/ Scott B. Sievers