# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| WILLIAM BUCK, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No.: 19-1084-CSB |
| | ) | |
| | ) | |
| SHANE LONG, *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |

## ORDER

**COLIN S. BRUCE, U.S. District Judge:**

This cause is before the Court *sua sponte*.

On June 21, 2023, the Court entered an Order denying Defendants' renewed motion for sanctions despite Plaintiff's improper and inappropriate behavior during his initial deposition and despite his failure to appear for his second deposition that was ordered by the Court. *See* D/E Text Order dated February 22, 2023; Text Order dated June 21, 2023.

In denying Defendants' renewed motion for sanctions, the Court informed Plaintiff that he must be deposed in this case at Defendants' request (within ninety (90) days) regardless of whether he has been deposed in other cases, and the Court again ordered Plaintiff to appear and be deposed. The Court warned Plaintiff that, if he refused to be deposed or refused to appear for his deposition, the Court would dismiss this case.

1

In addition, the Court ordered Plaintiff to provide proof to the Court that he was medically unable to attend his second deposition as he claimed in his response to Defendants' renewed motion for sanctions. The Court gave Plaintiff thirty (30) days to provide this evidence. The Court warned Plaintiff that, if he did not timely respond and provide the requested information, the Court would dismiss this case.

To date, Plaintiff has not filed any evidence with the Court in this case indicating that he was medically incapable of attending his second scheduled deposition in April 2023. The Court does not know whether Defendants have attempted to re-depose Plaintiff for a third time.

Although Plaintiff did not comply with the Court's June 21, 2023 Order to provide evidence of his inability to be deposed in this case, the Court has learned—through a separately filed case in this District—that Plaintiff has been on a hunger strike since February 2023, in which he is protesting the Pontiac Correctional Center officials' alleged refusal to provide him with adequate mental health and physical health care. *See* D/E 1, ¶ 1, Case Number 23-1271, CDIL. According to the attorneys who represent Plaintiff in this newly filed case, Plaintiff's physical health has deteriorated to such an extreme that his vital organs are shutting down, and he is lacking basic functionality. *Id*. In fact, Plaintiff's attorneys contend that Plaintiff's condition is "life-threatening." *Id*. at ¶ 2.

Given this information, it is possible that Plaintiff was medically unable to be deposed in April 2023 as he claimed in his response to Defendants' renewed motion for sanctions. It is also possible that Plaintiff's health condition precluded him from timely

2

responding to the Court's June 21, 2023 Order requiring him to submit evidence with which to substantiate his allegations regarding his inability to attend his April 2023 deposition.

That being said, this series of events was triggered by Plaintiff's refusal to be deposed in February 2023 and his obstinate behavior towards defense counsel and towards United States Magistrate Judge Eric I. Long during that deposition. Had Plaintiff simply complied with his obligations under the Federal Rules and with Magistrate Judge Long's directions, the requirement that Plaintiff be re-deposed would be moot because his deposition would have been completed in February 2023.

This case cannot remain (effectively) stayed indefinitely.[1] Plaintiff filed this case over four years ago, and both he and Defendants are entitled to a resolution of the case. In some respects, it was fortuitous for Plaintiff that the undersigned was assigned to his recently case (23-1271) and addressed his emergency TRO. Otherwise, the Court may not have known of Plaintiff's perilous health condition and, in all likelihood, would have dismissed this case based upon his failure to comply with the Court's June 21, 2023 Order.

But again, this case cannot remain paralyzed forever. Defendants are entitled to a resolution of Plaintiff's claims against them, and other litigants before this Court are entitled to a resolution of their cases, something that cannot happen while the Court is trying to resolve this case.

---

[1] The Court has stayed the dispositive motion deadline until Plaintiff has been deposed. *See* May 17, 2023 Text Order.

Furthermore, from a broader perspective, Plaintiff's potential (physical) inability to be deposed is entirely of Plaintiff's own making; he decided to go on a hunger strike and become debilitated. This was a choice made by Plaintiff, and choices frequently have consequences.

Accordingly, the Court will give Plaintiff one last opportunity to demonstrate his willingness to abide by the Federal Rules and this Court's Orders and to demonstrate his interest in litigating this case. Therefore, Plaintiff must submit a statement or notice with the Court specifically explaining the basis for his inability to attend his deposition in April 2023. Plaintiff should also submit any documentary evidence that supports his contention.

In addition, Plaintiff should definitively state that he is willing to be deposed within the next sixty (60) days. If Plaintiff does not comply with this Order and if he is not deposed pursuant to Defendants' notice(s) of deposition, the Court will dismiss this case as a sanction against him.

**IT IS, THEREFORE, ORDERED:**

**1.** **Plaintiff is ORDERED to file the notice or statement as required by this Order within thirty (30) days.**

**2.** **Plaintiff's failure to comply timely with this Order will result in this case being dismissed with prejudice.**

Entered this 8th day of August, 2023

                                                /s Colin S. Bruce  
                                                COLIN S. BRUCE  
                                        UNITED STATES DISTRICT JUDGE